# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH SOLAN,<br><br>                         Plaintiff,<br>   vs.<br><br>EVERHOME MORTGAGE COMPANY,<br><br>                         Defendant. | CASE NO. 10-CV-2280-H (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On November 4, 2011, Plaintiff Deborah Solan ("Solan") filed a complaint alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602, *et seq.* (Doc. No. 1, "Compl.") On December 20, 2010, Defendant Everhome Mortgage Company ("Everhome Mortgage") filed its motion to dismiss the complaint for failure to state a claim. (Doc. No. 4.) On January 17, 2011, Plaintiff Deborah Solan ("Solan") filed her opposition to the motion to dismiss. (Doc. No. 5.) On January 24, 2011, Defendant Everhome Mortgage filed its reply to the opposition. (Doc. No. 7.) The Court submitted the motion on the papers on January 21, 2011. (Doc. No. 6.) After due consideration the Court GRANTS Defendant's motion to dismiss without prejudice.

## **BACKGROUND**

Plaintiff Solan owns real property located at 6547 Bell Bluff Avenue, San Diego, California ("the Property"). (Compl. ¶ 3.) On or about November 4, 2003, Plaintiff entered

1  into a mortgage loan on the Property with non-party MIT lending for the amount of $192,000.
2  (Id. ¶ 5.) Plaintiff alleges that Everhome Mortgage is the servicer on this loan. (Id. ¶ 4.)
3        On July 7, 2010, a Notice of Default was entered against the property. (Id. ¶ 8.) On
4  August 12, 2010, Plaintiff Solan alleges she filed a Qualified Written Request ("QWR") with
5  Everhome, seeking information on the identity of the owner of her promissory note and the
6  identity of the master servicer on the obligation, along with a copy of the promissory note. (Id.
7  ¶¶ 9-10.) Plaintiff alleges that Everhome Mortgage received the request on August 16, 2010
8  via certified mail. (Id. ¶ 16.) On September 3, 2010, Everhome Mortgage responded to the
9  request. (Id. ¶ 18.) Plaintiff alleges that the response failed to identify the owner or the master
10 servicer of her promissory note. (Id.) Plaintiff alleges that she is unable to seek modification
11 of the terms and conditions of her mortgage because she does not know the identify of the
12 owner of her loan. (Id. ¶ 26.)

**DISCUSSION**

13 
14 **I.  Motion to Dismiss Pursuant to 12(b)(6)**
15       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
16 the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729,
17 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating
18 a claim for relief contain "a short and plain statement of the claim showing that the pleader is
19 entitled to relief." The function of this pleading requirement is to "give the defendant fair
20 notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.
21 Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion
22 to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the
23 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
24 formulaic recitation of the elements of a cause of action will not do." Id. A complaint does
25 not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
26 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual
27 allegations must be enough to raise a right to relief above the speculative level." Twombly,
28 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.

235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

## II.     Request for Judicial Notice

Defendant request that the Court take judicial notice of the following notice: (1) Deed of Trust, dated November 2, 2003 (Exhibit 1); (2) Assignment of Deed of Trust, dated June 30, 2010 (Exhibit 2); (3) Notice of Default and Election to Sell Under Deed of Trust, dated July 2, 2010 (Exhibit 3); (4) Substitution of Trustee, dated August 6, 2010 (Exhibit 4); and (5) Notice of Trustee's Sale, dated October 12, 2010 (Exhibit 5). (Doc. No. 4-2.)

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). Under the Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. Lee, 250 F.3d at 689. Because Defendant requests judicial notice of publicly recorded documents, the Court grants the request and takes judicial notice of the documents.

## III.    TILA 15 U.S.C. § 1641(f)(2) Claim

Plaintiff's first cause of action is for violation of TILA, 15 U.S.C. § 1641(f)(2). (Compl. ¶¶ 28-33.) Section 1641(f)(2) states that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). Section 1640(a) provides for civil liability for violations of section 1641. See 15 U.S.C. § 1640(a).

Plaintiff alleges that she sent a written request to Defendant Everhome Mortgage to identify of the owner and master servicer of her loan. (Compl. ¶ 9.) Plaintiff acknowledges that she received a response back. (Id. ¶ 19.) Defendant argues that it did provide Plaintiff with the owner of her loan because Defendant itself is the owner of the loan. (Doc. No. 4-1

at 4.) Accordingly, after due consideration of the parties' arguments, the Court GRANTS the motion to dismiss the claim under TILA, 15 U.S.C. § 1641(f)(2).

**IV.   RESPA 12 U.S.C. § 2605 Claims**

Plaintiff's other causes of action are under various section of RESPA. Plaintiff's second cause of action is for violation of RESPA, 12 U.S.C. § 2605(k)(1)(D). (Compl. ¶¶ 34-40.) The Mortgage Reform and Anti-Predatory Lending Act, Title XIV of the Dodd-Frank Wall Street Reform and Consumer Protection Act, added this new section which requires that federally related mortgage servicers shall not "fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." Pub. L. No. 111-203, § 1463, 124 Stat 1376 (July 21, 2010).[1]

Plaintiff's third cause of action is for violation of RESPA, 12 U.S.C. § 2605(e)(1)(A). (Compl. ¶¶ 41-44.) Under this section, "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).[2]

/ / / /

---

[1] The parties dispute whether this provision of the Mortgage Reform and Anti-Predatory Lending Act is in currently in effect. Defendant argues that this new provision is not in effect until regulations implementing the provision take effect or in the alternative, 18 months elapse since the designated transfer date. (Doc. No. 4-1 at 5.); see Pub. L. No. 111-203, § 1400, 124 Stat 1376 (July 21, 2010). Defendant contends that no such regulations have been promulgated to date and 18 months have not elapsed. (Doc. No. 4-1 at 5.) Plaintiff argues that the general effective date of the Dodd-Frank Act is July 22, 2010. (Doc. No. 5 at 6.) Plaintiff contends that this date is also the effective date of this provision because no regulations must be promulgated in order for the provision to take effect. (Id.) Because the Court dismisses this cause of action on other grounds, the Court declines to address this parties' arguments as to the effective date of this provision at this time.

[2] The Mortgage Reform and Anti-Predatory Lending Act modifies the time limit of this section by "striking '20 days' and inserting '5 days'." Pub. L. No. 111-203, § 1463, 124 Stat 1376 (July 21, 2010). However, the Court declines to address at this time whether this modification has taken effect. See supra note 1.

Plaintiff's final cause of action is for violation of RESPA, 12 U.S.C. § 2605(e)(2)(c). (Compl. ¶¶ 45-51.) Under this section, "[n]ot later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request . . . , the servicer shall . . . (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes (I) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer."[3]

For each of these provisions, RESPA, 12 U.S.C. § 2605(f) imposes liability on servicers that violate RESPA and fail to make the required disclosures. The section provides that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: . . . [i]n the case of any action by an individual, an amount equal to the sum of (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C. § 2605(f)(1).

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." Molina v. Wash. Mut. Bank, No. 09cv894, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases); see also Eronini v. JP Morgan Chase Bank NA, No. 08-55929, 2010 WL 737841, at *1 (9th Cir. Mar. 3, 2010) ("The district court properly dismissed the action because Eronini suffered no damages as a result of the alleged RESPA violation."), Copeland v. Lehman Bros. Bank, FSB, No. 09cv1774, 2011 WL 9503, at *3-4 (S.D. Cal. Jan. 3, 2011), Espinoza v. Reconstruct Co., N.A., No. 09cv1687, 2010 WL 2775753, at *4 (S.D. Cal. Jul. 13, 2010). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." Shepherd v. Am. Home Mortg. Servs., Inc., No. 09-1916, 2009

---

[3] The Mortgage Reform and Anti-Predatory Lending Act modifies the time limit of this section by "striking '60 days' and inserting '30 days'." Pub.L. No. 111-203, § 1463, 124 Stat 1376 (July 21, 2010). However, the Court declines to address at this time whether this modification has taken effect. See supra note1.

WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) (citation omitted). Courts "have interpreted this requirement liberally." Yulaeva v. Greenpoint Mortg. Funding, Inc., No. 09-1504, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 9, 2009).

In this case, Plaintiff provides only conclusory allegations as to how she was damaged by the alleged failure to fully respond to the QWR. Plaintiff only alleges that she is unable to seek modification of the terms and conditions of her loan to allow her to remain in her house. (Compl. ¶ 26.) She does not allege any actual, pecuniary damages relating to the alleged violations. Allegations of legal fees and the costs related to this suit are insufficient to constitute actual damages under RESPA. See Lal v. Am. Home Servicing, Inc., 680 F. Supp.2d 1218, 1223 (E.D. Cal. 2010) ("[S]imply having to file suit [does not] suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in.").

Similarly, Plaintiff's conclusory allegations are insufficient to allege Defendant engaged in "a pattern or practice of noncompliance" with the RESPA requirements, such as would entitle Plaintiffs to recover "additional damages, as the court may allow." See 12 U.S.C. § 2605(f)(1)(B). Plaintiff only cites to one other case where Everhome failed to respond. (Compl. ¶ 27.) This is insufficient to show a pattern. Furthermore, Plaintiff's allegation that "Everhome maintains a business practice of failing to respond to homeowner inquires and actively conceals information from them," is not sufficient "to raise the right to relief above the speculative level." See Twombly, 550 U.S. at 555.

Accordingly, the Court GRANTS Defendant's motion to dismiss with respect to Plaintiff's RESPA claims.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

**CONCLUSION**

After due consideration, the Court GRANTS Defendant Everhome Mortgage's motion to dismiss the complaint. The Court grants Plaintiff 30 days from the date of this order to amend to cure the deficiencies—if she can—in the complaint for these causes of action.

**IT IS SO ORDERED**.

Dated: February 3, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT